IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

HAWO MOHAMMED HASSAN,

    Petitioner,

v.                                            Civil Action No. 5:18CV122
                                                   (STAMP)
F. ENTZEL, Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE AND
DISMISSING CIVIL ACTION WITH PREJUDICE**

I.  Background

The pro se[1] petitioner, Hawo Mohammed Hassan, is currently incarcerated at SFF Hazelton where she is serving a sentence imposed by the United States District Court for the District of Minnesota. ECF No. 1 at 1-2. The petitioner filed a Petition for Habeas Corpus Under 28 U.S.C. § 2241, in which she alleges that: (1) the "Federal Bureau of Prisons [("BOP")] Unlawfully denied [her] credit for time spent in Official Detention ordered by Court," specifically her time spent at a halfway house; and (2) "Thirty-one days credit not credited to sentence after spending time in Jail from 5/16/2013 [through] [sic] 6/17/2013[;]" Id. at 5-6; ECF No. 1-1 at 1, 4. Specifically, the petitioner is "seeking credit to be credited to her sentence." Id. at 6.

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

The respondent filed a motion to dismiss or, alternatively, a motion for summary judgment and a memorandum in support. ECF Nos. 15 and 16. In the memorandum, the respondent first asserts that the petitioner has not exhausted her administrative remedies, and has not established that administrative review would be futile. ECF No. 16 at 4-7. Specifically, the respondent states that after the petitioner submitted a BOP administrative grievance at SFF Hazelton, SFF Hazelton denied the grievance. Id. at 6. The respondent indicates that the petitioner then appealed directly to the BOP central office, which rejected the grievance on June 1, 2018. Id. The respondent states that the petitioner never resubmitted the grievance. Id. Second, the respondent contends that the petitioner was not in official detention when she resided in a halfway house pending sentencing; therefore, she is not entitled to credit for that time to reduce her federal prison sentence. Id. at 7-9. Third, the respondent maintains that the BOP computed the petitioner's federal prison sentence the same date that the District of Minnesota sentenced her on May 16, 2013. Id. at 9. Accordingly, the respondent concludes that the petitioner is not entitled to duplicative credit for time after May 16, 2013 since that time has already been credited toward her federal prison sentence. Id.

The petitioner then filed a response in opposition to the respondent's motion to dismiss or, alternatively, motion for

summary judgment. ECF No. 22. In her response, the petitioner asserts that she "exhausted her administrative remedies before filing her petition for a writ[] [sic] of habeas corpus." Id. at 3. Specifically, the petitioner states that "[o]n November 30, 2017, [she] filed her BP-9 Number 924734-Fi." Id. at 4. She then states that "[o]n December 26, 2017, she received a Denied from Warden F. Entzel." Id. Then, the petitioner indicates that "[o]n January 22, 2018, Petitioner's Lawyer Randolph E. Daar filed her BP-10 to Mid-Atlantic Regional Director[,]" and "[o]n February 13, 2018, Regional Director Angela P. Dunbar Denied Petitioner's BP 10." Id. (emphasis omitted). The petitioner maintains that "[o]n May 4, 2018 Petitioner filed a BP-11 to Central Office[,]" and that she waited fifty days and did not receive a response. Id. Moreover, the petitioner asserts that "[t]he requirement that Federal prisoners exhaust administrative remedies before filing a habeas corpus petition was judicially created and it is not a statutory requirement." Id. Lastly, the petitioner asserts that her confinement in the halfway house was "official detention under [18 U.S.C. §] 3585(b)(1)." Id. at 5-9.

This civil action was referred to United States Magistrate Judge James P. Mazzone under Local Rule of Prisoner Litigation Procedure 2. Magistrate Judge Mazzone issued a report and recommendation (ECF No. 23) recommending that the respondent's motion to dismiss or, alternatively, motion for summary judgment

3

(ECF No. 15) be granted, and that the petitioner's petition (ECF No. 1) be denied and dismissed with prejudice. Id. at 11.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to findings where no objections were made, such findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

Because the petitioner did not file any objections to the report and recommendation, the magistrate judge's findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

## III. Discussion

In his report and recommendation, the magistrate judge first correctly noted that although the petitioner has failed to properly and/or timely exhaust her administrative remedies, the petitioner's failure to exhaust should be excused and the matter should be decided on the substantive merits. See ECF No. 23 at 9. The magistrate judge stated that although the petitioner filed a BP-9 at the facility level, the BOP did not consider her lawyer's letter to be the equivalent of a BP-10, or an appeal to the regional director. Id. However, the magistrate judge noted that even if the lawyer's letter were construed to be the equivalent of a BP-10,

4

the responsive letter is dated February 13, 2018.  Id.  The magistrate judge indicated that the petitioner did not file her BP-11 until May 4, 2018.  Id.  Importantly, the magistrate judge correctly found that even if the petitioner's BP-11 was timely filed, based on the responsive letter, the petitioner's BP-11 would have likely been denied.  Id.

Second, the magistrate judge properly determined that the petitioner is not entitled to credit against her sentence for the time she spent in the halfway house, and for the time she spent in two county jails.  Id. at 10-11.  Specifically, the magistrate judge indicated that despite the restrictions set forth by the District of Minnesota, the petitioner was not under the complete control of the BOP, and she is therefore not entitled to credit against her sentence for the time she spent in the halfway house between her conviction and sentencing.  Id. at 10.  Moreover, the magistrate judge concluded that the BOP computed the petitioner's federal sentence to begin the same day that she was sentenced; therefore, she is not entitled to credit for the time she spent in two county jails because that would constitute double credit.  Id. at 11.

Upon review, this Court finds no clear error in the determinations of the magistrate judge and thus upholds his recommendation.

IV. Conclusion

For the reasons set forth above, the report and recommendation of the magistrate judge (ECF No. 23) is AFFIRMED and ADOPTED in its entirety. The respondent's motion to dismiss or, alternatively, motion for summary judgment (ECF No. 15) is GRANTED. Accordingly, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) is DENIED and DISMISSED WITH PREJUDICE.

This Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the petitioner has failed to object, he has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:      September 18, 2019

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE